UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAN J. ROSS,<br><br>　　　　　　　　　Plaintiff,<br>vs.<br><br>LESLIE WOLF, *et al.*<br><br>　　　　　　　　　Defendants. | CASE NO. 07cv2337-L (LSP)<br><br>**ORDER (1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*; (2) DISMISSING COMPLAINT WITHOUT PREJUDICE; (3) DENYING REQUEST FOR APPOINTMENT OF COUNSEL** |

Plaintiff Van J. Ross, proceeding *pro se*, has submitted a complaint alleging that in December 2000, Defendant Leslie Wolf, a public defender, incorrectly advised him to plead guilty in state court, which resulted in a longer sentence. Defendant also alleges that the state court charged him an excessive amount, apparently for restitution. With his complaint, Plaintiff filed a Motion to Proceed *in Forma Pauperis* ("IFP") and a Request for Appointment of Counsel.

All parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the fee only if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Plaintiff's declaration shows he has insufficient income and assets to pay the filing fee. Accordingly, Plaintiff's motion to proceed IFP is **GRANTED**.

1  The court is obligated to review a complaint filed IFP and must dismiss it if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001). "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

The allegations in Plaintiff's complaint may be read in two different ways. They can be read as a claim for professional negligence action against the public defender. In this instance, the court lacks subject matter jurisdiction as the action does not arise under federal law, and the complaint should be dismissed. Alternatively, the complaint may be read as a claim for violation of Plaintiff's constitutional rights under 42 U.S.C. § 1983. In this instance, the complaint is barred by *Heck v. Humphrey*, 512 U.S. 475 (1994), because a judgment in Plaintiff's favor would necessarily imply the invalidity of his conviction and sentence.

For the foregoing reasons, the complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff's request for appointment of counsel is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

DATED: December 17, 2007

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. LEO S. PAPAS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL